# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MARIAN S. A. TIPP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: |
| ) | 20-CV-317-TFM-N |
| JPMC SPECIALTY MORTGAGE, ) | |
| LLC, JP MORGAN CHASE BANK, ) | |
| N.A., and CHASE HOME FINANCE, ) | |
| LLC; *et al*., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION FOR SANCTIONS

COME NOW defendants JPMC Specialty Mortgage LLC ("JPMC") and JPMorgan Chase Bank, N.A. ("Chase"), individually and as successor by merger to named defendant Chase Home Finance LLC (collectively, the "Defendants"), and respectfully move the Court to impose sanctions against Plaintiff Marian S. A. Tipp ("Ms. Tipp") in the form of an injunction permanently barring Ms. Tipp from filing any further actions against Defendants without prior leave of this Court. As grounds for this motion, Defendants show as follows:

Ms. Tipp's claims in this case are frivolous, as they are not only untimely, but have already been fully adjudicated and decided adversely against her by the Alabama state courts on numerous occasions. This lawsuit is Ms. Tipp's fifth separate action against Defendants involving the same claims and property, and is

{B1242675.2}

just the latest in a decade-long history of repeated vexatious filings by Ms. Tipp against Defendants. As shown below, Ms. Tipp has and continues to abuse the judicial process and waste precious judicial resources to pursue her misguided personal vendetta against Defendants. Moreover, she has expressly made it known that she plans to "fight this until the day I die or Jesus comes," and her plan to continue to harass the Defendants and burden the Courts with meritless pleadings regardless of the outcomes is precisely why an injunction against further filings without Court approval is warranted and necessary.

A.   **Background**

All of Ms. Tipp's filings over the past decade, including the current lawsuit, stem from the July 13, 2009, foreclosure sale of property located at 11101 Ben Hamilton Road, Grand Bay, Alabama 36541 (hereinafter, the "Property"), which belonged to her sister Carolyn Sims ("Ms. Sims") at the time of foreclosure.

1.   **2009 Case**

After unsuccessfully attempting to appear as Ms. Sims' "Attorney-in-Fact" in the ejectment action filed by JPMC against Ms. Sims on July 24, 2009,[1] Ms. Tipp retained counsel and filed a Complaint in Intervention in the 2009 Case.[2] (Exhs. 1,

---

[1]   JPMC Specialty Mortgage, LLC f/k/a WM Specialty Mortgage, LLC v. Carolyn E. Sims, CV 2009-901393, Circuit Court of Mobile County, Alabama (the "2009 Case").

[2]   Unless stated otherwise, the filings referenced herein were provided to the Court as exhibits to Defendants' Motion for Summary Judgment (Doc. 14). Due to their voluminous nature, Defendants are not attaching additional copies of the previously filed exhibits with this

{B1242675.2}                                          1

5). JPMC filed a motion to dismiss pursuant to Rule 12(b)(6), and after additional briefing by the parties, Circuit Judge Charles A. Graddick granted JPMC's Rule 12(b)(6) Motion and dismissed Ms. Tipp's Complaint in Intervention on July 29, 2010. (Exhs. 6, 7, 8, 9). Ms. Tipp did not appeal the judgment entered against her in the 2009 Case.

### 2.   2011 Case

On February 9, 2011, Ms. Tipp, through the same attorneys representing her in the 2009 Case (who also represented her sister, Ms. Sims, in the 2013 Case discussed below), filed a new action against Defendants asserting essentially the same claims she asserted in the 2009 Case.[3] (Exh. 12). Defendants responded by filing a motion for summary judgment that was granted by Circuit Judge Michael A. Youngpeter on September 16, 2011. (Exhs. 13, 14). After Judge Youngpeter denied Ms. Tipp's Motion to Reconsider the Order granting summary judgment to Defendants, Ms. Tipp appealed the judgment against her. (Exhs. 15, 16). However, on October 12, 2012, the Alabama Supreme Court affirmed the summary judgment in favor of JPMC without written opinion. See Tipp v. JPMorgan Chase Bank, N.A., 156 So. 3d 997 (Table) (Ala. 2012). (Exh. 17).

---

Motion, and will instead refer to them using the corresponding exhibit numbers from Defendants' Motion for Summary Judgment. However, copies of these documents can be supplied upon the Court's request.

[3]   Marian Tipp v. JPMorgan Chase Bank, N.A.; JPMC Specialty Mortgage, LLC; et al., CV 2011-0139, Circuit Court of Mobile County, Alabama (the "2011 Case").

### 3. Carolyn Sims's 2013 Case

Ms. Sims then took her turn at challenging the 2009 foreclosure by filing her own case against Defendants on February 26, 2013.[4] Ms. Tipp was fully aware of that case, as she was deposed in it by the undersigned counsel for Defendants on May 24, 2017.  On July 9, 2018, Circuit Judge Sarah Hicks Stewart entered an Order dismissing the 2013 Case after the parties filed a Joint Stipulation of Dismissal with Prejudice. (Exhs. 19, 20).

### 4. 2018 Case

On June 27, 2018, Ms. Tipp, now appearing *pro se*, filed her third action against JPMC in which she reasserted the same claims as her prior actions and asked the Alabama state trial court to set aside the summary judgment entered against her in the 2011 Case, as well as the settlement agreement and Quitclaim Deed between Ms. Sims and Defendants that those parties negotiated separately to resolve and conclude the 2013 Case.[5] (Exh. 21).  JPMC filed a Rule 12(b)(6) Motion to Dismiss the Complaint, and on August 7, 2018, Judge John R. Lockett granted JPMC's Motion to Dismiss. (Exhs. 22, 23). Ms. Tipp then filed a Motion to Vacate the Court's Order, which was denied on September 18, 2018. (Exhs. 24, 25).  Ms. Tipp once again appealed, but, again, the Alabama Supreme Court

---

[4] Carolyn E. Sims v. JPMC Specialty Mortgage, LLC, f/k/a WM Specialty, et al., CV 2013-900439, Circuit Court of Mobile County, Alabama (the "2013 Case").

[5] Marian S. A. Tipp v. JPMC Specialty Mortgage, LLC, CV 2018-000165, Circuit Court of Mobile County, Alabama (the "2018 Case").

affirmed the trial court without written opinion on August 9, 2019. (Exh. 26). On January 6, 2020, Ms. Tipp filed a Petition for Writ of Certiorari with the United States Supreme Court with respect to the 2018 Case, which was denied on February 24, 2020. (Exhs. 27, 28).

### 5. Ms. Tipp's Attempt to Re-Open Ms. Sims's 2013 Case

While her appeal in the 2018 Case was still pending before the Alabama Supreme Court, Ms. Tipp filed a "Motion to Set Aside Confidential Settlement Agreement and Quitclaim Deed" in Ms. Sims' 2013 Case, which Judge Sarah Hicks Stewart summarily denied on November 14, 2018, noting specifically that "Ms. Tipp is not a party to this action and the Order dismissing the action was filed on July 19, 2018. This Court has no jurisdiction to hear this motion." (Exhs. 29, 30).

### 6. Ms. Tipp Revisits the 2011, 2013, and 2018 Cases

Seemingly finally out of viable options, Ms. Tipp then began a barrage of filings in her 2011 and 2018 Cases, as well as Ms. Sims' 2013 Case. First, in Ms. Sims' 2013 Case, Ms. Tipp filed a "Motion to Set Aside Confidential Settlement Agreement, Quitclaim Deed, and Consent Order as Void Ab Initio" on January 27, 2020. (Exh. 31). This filing was nothing more than a condensed version of the similarly titled motion she filed in that case in November 2018. Accordingly, on February 4, 2020, Circuit Judge Jill Parrish Phillips denied Ms. Tipp's motion,

noting once again that the trial court lacked jurisdiction because she was a nonparty to the 2013 Case. (Exh. 32)

On February 20, 2020, Ms. Tipp filed a "Motion to Vacate Void Judgment and Reinstitute Declaratory Judgment Action" in the 2011 Case, which was denied the next day by Judge Youngpeter, who correctly noted that the trial court had no jurisdiction over the matter. (Exhs. 33, 34).

Ms. Tipp then turned back to her 2018 Case where she filed another "Motion to Vacate Orders" on March 5, 2020, asking the court to vacate the judgments entered against her in the 2011 and 2018 Cases. (Exh. 35). However, Judge Lockett summarily denied the motion on March 8, 2020. (Exh. 36).

### 7. Second Round of Appeals in the 2011 and 2018 Cases

On March 13, 2020, Ms. Tipp filed appeals in both her 2011 and 2018 Cases. After issuing Show Cause Orders in both appeals addressing, *inter alia*, the timeliness of Ms. Tipp's appeals, the Alabama Supreme Court dismissed the appeal in the 2018 Case on June 8, 2020, and then dismissed the appeal in the 2011 Case on June 30, 2020. (Exhs. 37, 38).

### 8. 2020 Federal Court Case

After the Alabama Supreme Court dismissed her latest appeal in the 2018 Case, but while her appeal in the 2011 Case was still pending, Ms. Tipp filed the instant case, which she described as a "Declaratory Judgment Action". (Doc. 1).

In substance, however, the Complaint in this case asserts the very same claims and causes of action as her three previous Alabama state court cases.

### 9. 2020 State Court Case and Attempt to Save Her 2011 Appeal

Ms. Tipp did not stop with the foregoing voluminous, unsuccessful court actions. On June 30, 2020, the same day the Alabama Supreme Court dismissed the appeal in her 2011 Case, Ms. Tipp filed yet another lawsuit against Defendants in the Circuit Court of Mobile County, Alabama -- her fourth separate action in the Alabama state courts and fifth in total.[6] (Exh. 40). As if she had not saturated the Alabama court system enough, with lawsuits now pending before this Court and the Mobile County Circuit Court, Ms. Tipp filed a "Petition for Rehearing" with the Alabama Supreme Court in her 2011 Case on July 8, 2020, but it was overruled by the Alabama Supreme Court on July 29, 2020. (Exh. 39).

### 10. Refusal to Dismiss Current Federal Action

On July 17, 2020, in accordance with FED. R. CIV. P. 11(c), counsel for Defendants served Ms. Tipp with a copy of this Motion for Sanctions and a letter asking her to dismiss the present action within twenty-one (21) days.[7] Ms. Tipp did not directly respond to Defendants' letter, and instead filed a 124-page Motion to Strike Defendants' Answer and Defenses on August 13, 2020. (Doc. 11). Not

---

[6] Marian S. A. Tipp v. JPMC Specialty Mortgage LLC, CV-2020-901417, Circuit Court of Mobile County, Alabama (the "2020 State Case").

[7] A true and accurate copy of Defendants' July 17, 2020, letter to Ms. Tipp is attached hereto as Exhibit 42.

only does Ms. Tipp's latest filing signify her refusal to dismiss the present action, it exemplifies the type of vexatious filings Defendants have been subjected to over the past decade and why the relief requested herein is necessary.

**B.    Sanctions are warranted against Ms. Tipp under both Rule 11 of the Federal Rules of Civil Procedure and the inherent powers of the Court.**

As observed by the Eleventh Circuit Court of Appeals, "[t]he purpose of Rule 11 is to deter baseless filings in district court and thus streamline the administration and procedure of federal courts." Peer v. Lewis, 606 F.3d 1306, 1311 (11th Cir. 2010). To that end, "Rule 11 requires district courts to impose 'appropriate sanctions,' after notice and a reasonable opportunity to respond, where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose." Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1294 (11th Cir. 2002). The Eleventh Circuit explained that "[i]n assessing the propriety of Rule 11 sanctions, the Court asks: (1) whether the party's claims are objectively frivolous, and (2) whether the person who signed the pleadings should have been aware they were frivolous." Peer, 606 F.3d at 1311 (internal quotations and citations omitted). Moreover, sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts." Baker v. Alderman, 158 F.3d 516, 524 (11th Cir. 1998).

Ms. Tipp's claims in this case unquestionably satisfy the standard for Rule 11 sanctions. First, Ms. Tipp's claims are objectively frivolous. All of Ms. Tipp's claims relate to JPMC's July 13, 2009, foreclosure sale of the Property that belonged to her sister, Carolyn Sims. Each claim was addressed in the 2009 Case where Ms. Tipp filed a Complaint in Intervention making the same allegations she is making in this case against Defendants (*i.e.*, JPMC was not qualified to do business in Alabama and lacked standing to foreclose), but that Case ultimately was dismissed for failure to state a claim. (Exhs. 5, 6, 7, 8, 9). Not only are Ms. Tipp's claims barred by the applicable statute of limitations, but they have already been adjudicated and rejected by the Alabama state trial courts on at least three separate occasions, and the dismissals of her claims have been upheld by the Alabama Supreme Court on at least four separate occasions. Nevertheless, despite having actual knowledge that her claims are frivolous and lack any reasonable chance of success, Ms. Tipp filed the Complaint in this case anyway, apparently hoping she could recast the same meritless claims in such a way that they would seem "new,"[8] and that this Court would be unaware of the prior adverse judgments on these claims in state court. Ms. Tipp's refusal to accept the judgments entered and upheld by the Alabama state trial and appellate courts in numerous cases, and

---

[8] As this Court is well aware, "[r]es judicata acts as a bar not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact." Quinn v. Ocwen Loan Servicing, LLC, 709 Fed. Appx. 530, 532 (11th Cir. 2017).

her execution and filing of the present Complaint despite knowing about those prior judgments, demonstrates her bad faith in filing the present lawsuit. Accordingly, Ms. Tipp violated Rule 11 by filing the Complaint in this case.

Ms. Tipp's bad faith in filing this case also justifies the imposition of sanctions under this Court's inherent powers. It is well-established that "Courts have the inherent authority to control the proceedings before them, which includes the authority to impose 'reasonable and appropriate' sanctions." Martin v. Automobili Lamborghini Exclusive, Inc., 307 F.3d 1332, 1335 (11th Cir. 2002). "To impose sanctions under these inherent powers, the court must first find bad faith," and a finding of bad faith is warranted where a party "knowingly or recklessly raises a frivolous argument . . . ." In re Walker, 532 F.3d 1304, 1309 (11th Cir. 2008). This applies equally to *pro se* litigants like Ms. Tipp, as the Eleventh Circuit has held "pro se filings do not serve as an impenetrable shield, for one acting pro se has no license to harass others, clog the judiciary machine with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (internal citations omitted).

As shown above, Ms. Tipp filed this lawsuit despite knowing that the very same claims she asserts against Defendants in this case have been denied numerous times by multiple Alabama state courts and the Alabama Supreme Court over the past ten (10) years. This type of repeated, bad faith conduct is precisely what the

Court's inherent power to sanction litigants is intended to deter, and justifies the imposition of sanctions against Ms. Tipp.

### C. Injunctive relief, in addition to or in place of monetary sanctions, is necessary to deter future frivolous filings.

A sanction imposed for a violation of Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." While the most commonly imposed sanctions are monetary, *e.g.*, costs and attorney's fees, non-monetary sanctions are also available and "the selection of the type of sanction to be imposed lies with the district court's sound discretion." Riccard, 307 F.3d at 1295. Importantly, federal courts have authority to restrict future filings under the All Writs Act, 28 U.S.C. § 1651, which authorizes federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions. . . ." Specifically, the Eleventh Circuit has held that "[t]he court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts. . . ." Riccard, 307 F.3d at 1295 n. 15. See also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) (noting that "[t]he right of access to courts is neither absolute nor unconditional," and "[c]onditions and restrictions on each person's access are necessary to preserve judicial resource for all other persons,"

because "[f]rivolous and vexatious law suits threaten the availability of a well-functioning judiciary to all litigants;" thus, "[t]o counter such threat and to protect its jurisdiction, the district courts are authorized by the All Writs Act, 28 U.S.C. § 1651(a), to restrict access to vexatious and abusive litigants.") (internal quotations and citations omitted).  In terms of the scope of such an injunction, this Court has previously acknowledged that "[t]he statutory authority of federal district courts to issue writs in aid of their jurisdiction has been held to extend to injunctions barring a vexatious party from relitigating claims in state court following entry of a judgment in federal court.  See Johnson v. Randall Champions, Civil Action No. 12-0334-WS-M, 2014 WL 2204296 at *2, n. 2 (S.D. Ala. May 28, 2014).  See also Riccard, 307 F.3d at 1295-98 (holding that the district court did not abuse its discretion in issuing an injunction prohibiting plaintiff from filing any new action against the defendant in "federal court, state court, or any other forum").

While monetary sanctions are certainly warranted against Ms. Tipp in this action, and would be welcomed by Defendants if the Court determines them to be an adequate deterrent, the Defendants are concerned that the only sanction that will truly prevent Ms. Tipp from continuing to bombard Defendants and the courts with further frivolous filings is an injunction preventing her from filing any new actions against Defendants in any state or federal court without this Court's prior approval. The District Court in Riccard had a similar concern about the plaintiff in that case,

and the Eleventh Circuit agreed this was a valid reason for imposing an injunction against future filings:

> The district court found that a monetary sanction was insufficient to deter Riccard from future baseless, bad-faith filings and therefore would be insufficient to protect the court's ability to carry out its judicial functions, because: (1) Ricard was not financially well off and could not afford to pay a sanction; and (2) even if he could afford to pay, Riccard would gladly do so in order to "continue his vendetta" against Prudential. The district court reasoned that "given Riccard's near-obsession regarding his former employer, injunctive relief is the only means that offers any chance of preventing further harassment of Prudential, further clogging of the judicial machinery with meritless pleadings, and further overloading of already overloaded court dockets. We cannot fault that reasoning.
>
> Riccard, 307 F.3d at 1295.

Similarly, in Johnson v. Randall Champions, this Court sanctioned a repeat filer by entering an injunction against future filings without court approval after finding:

> Johnson and Johnson-Young have demonstrated a persistent unwillingness to accept or abide by previous judgments entered against them in federal court, but have instead sued the Harless Defendants over and over again to express their dissatisfaction with the Harless Defendants' ownership and handling of Parcel B / Gilbert Creek Estates. Such serial lawsuits are inconvenient, harassing and expensive for the Harless Defendants. They also needlessly strain finite judicial resources and diver them away from good-faith litigants and meritorious cases, thereby delaying adjudication or other resolution of those matters so that Johnson's and Johnson-Young's frivolous claims may be processed. Plaintiffs' pattern of abusive filings, unchecked

> litigiousness, and reckless disregard of court rulings has continued, unabated and unapologetically, for nearly 15 years. Ominously, plaintiffs have given every indication in recent sworn testimony that they intend to keep suing M.K. Harless and/or MKH Properties, LLC, until they are satisfied, no matter how many adverse judgments they may rack up in the interim. Under the circumstances, the Court is persuaded that decisive action is needed to deter plaintiffs' bad-faith conduct, to curtail their wasteful filings, ad to safeguard the proper, efficient functioning of the judicial system.
>
> Johnson v. Randall Champions, Civil Action No. 12-0334-WS-M, 2014 WL 2204296 at *3 (S.D. Ala. May 28, 2014) (Steele, J.).

This Court has also made clear that "[w]hen *pro se* litigants abuse their right of access to the courts . . . federal courts have the power, and indeed the obligation, to impose restrictions to curtail such wasteful and destructive conduct." Bethel v. Bosch, Civil Action No. 10-0651-WS-M, 2010 WL 5014752, at * 4 (S.D. Ala. Dec. 2, 2010) (Steele, J.).

Like the plaintiffs in Johnson, Ms. Tipp has announced that she will be undeterred by all adverse rulings against her, as she vowed in a sworn affidavit to the Alabama Supreme Court in the 2018 Case that she will "fight this until the day I die or Jesus comes."[9] (emphasis supplied). As promised, she has bombarded the Alabama courts, both state and federal, with frivolous and vexatious filings for over ten (10) years now as part of her self-proclaimed misguided crusade against

---

[9] A true and correct copy of this Affidavit, which was filed with the Alabama Supreme Court in the first appeal of Ms. Tipp's 2018 Case, is attached hereto as Exhibit 41.

{B1242675.2}    13

Defendants. Defendants have spent the past decade having to defend against numerous lawsuits, filings and appeals from Ms. Tipp, none of which has had any merit. With the near-simultaneous filing of this action and her fourth state court lawsuit, while also petitioning the Alabama Supreme Court for rehearing of her fourth unsuccessful appeal, it is abundantly clear there truly will be no end to Ms. Tipp's frivolous filings against Defendants without an injunction from this Court placing restrictions on any prospective filings. Accordingly, Defendants submit that such an injunction is not only warranted, but necessary to put an end to Ms. Tipp's abusive filings against Defendants and to preserve the limited resources of the court system.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Court sanction Ms. Tipp by entering an Order (a) enjoining Ms. Tipp and her agents, heirs, personal representatives, successors, assigns, attorneys, and anyone acting on her behalf from filing any complaint, action, claim for relief, cause of action, lawsuit, petition, accusation, charge, writ, affidavit, deed, or any other similar filing or instrument against Defendants (including their parent, subsidiary, and affiliated corporations, companies, and businesses, and their present, former or future directors, officers, employees, agents, representatives, attorneys, successors, and assigns) in any state, federal, or local court, forum, tribunal, self-regulatory

organization or agency, whether judicial, quasi-judicial, or administrative, without first obtaining leave of this Court; (b) awarding monetary sanctions against Ms. Tipp in an amount the Court deems appropriate and just; and (c) awarding such other and further relief to which Defendants may be entitled.

Respectfully submitted, this the **14th** day of **August, 2020.**

        Attorneys for Defendants,
        JPMC Specialty Mortgage LLC,
        JPMorgan Chase Bank, N.A., individually
        and as successor by merger to
        Chase Home Finance, LLC:

*/s/ Sandy G. Robinson*
**SANDY G. ROBINSON**
CABANISS, JOHNSTON, GARDNER,
  DUMAS & O'NEAL LLP
P. O. Box 2906
Mobile, Alabama 36652
Telephone:  (251) 415-7300
Facsimile:  (251) 415-7350
Email:   sgr@cabaniss.com

*/s/ Michael E. Turner*
**MICHAEL E. TURNER**

*/s/ Jason W. Bobo*
**JASON W. BOBO**
CABANISS, JOHNSTON, GARDNER,
  DUMAS & O'NEAL LLP
2001 Park Place North, Suite 700
Birmingham, Alabama 35203
Telephone:  (205) 716-5200
Facsimile:  (205) 716-5389
E-Mail:   met@cabaniss.com
        jwb@cabaniss.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and accurate copy of the foregoing **DEFENDANTS' MOTION FOR SANCTIONS** to be electronically filed with the Clerk of Court for the United States District Court for the Southern District of Alabama using the CM/ECF system.

I further certify that on this date I caused a true and accurate "filed" copy of the foregoing to be served on the Plaintiff by placing it in the regular U.S. Mail, properly addressed and postage prepaid, as follows:

>Marian S. A. Tipp
>5909 Couton Drive
>Mobile, Alabama  36693

This the **14th** day of **August, 2020.**

>*/s/ Jason W. Bobo*
>**OF COUNSEL**