IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARION S.A. TIPP,

    Plaintiff(s),

vs.                                   Civil Action No. 20-cv-00317-TFM-N

JPMC SPECIALTY MORTGAGE, LLC,
et al,

    Defendant(s).

## ORDER

On August 14, 2020, a motion for summary judgment under Fed.R.Civ.P.56 was filed by defendants Chase Home Finance, LLC, JP Morgan Chase Bank, NA and JPMC Specialty Mortgage, LLC (Doc. 12). Any party opposing the motion must respond in the manner set out in Rule 56 of the Federal Rules of Civil Procedure and S.D. Ala. CivLR 56 on or before **September 11, 2020**. (A copy of each rule is attached). If the moving party deems it necessary to reply to the brief filed in opposition to the motions, the reply brief must be filed on or before **September 25, 2020.**

The court will take the motion under submission on the 25th day of September, 2020. Once the motion is taken under submission, no further submissions related to the issues raised may be filed unless the proponent obtains leave of court for good cause shown. The motion for summary judgment is being submitted without oral argument. Should the court determine that oral argument is necessary, a hearing date will be scheduled later. "Oral argument requests must contain specific reasons why oral argument would be helpful." S.D. Ala. CivLR 7(h).

## NOTICE TO UNREPRESENTED PARTIES

If any party is appearing without counsel (*pro se*), they are advised out of a height of caution that the granting of this motion would represent a final adjudication of the matters raised in the motion which may foreclose subsequent litigation on those matters. *See McBride v. Sharpe,* 25 F.3d 962, 968 (11th Cir. 1994) (*en banc*) *cert. denied,* 513 U.S. 990, 115 S. Ct. 489, 130 L. Ed. 2d 401 (1994) ("Moreover, when a *pro se* litigant is involved, we have interpreted Rule 56(c) to require that the district court specifically inform the litigant (1) of the need to file affidavits or other responsive materials, and (2) of the consequences of default.")

## **EXPLANATION OF SUMMARY JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 56**

The summary judgment procedure established in Rule 56 provides a means of promptly disposing of cases without a trial where there is no genuine issue as to any material fact or where only a question of law is involved. Summary judgment goes to the merits of a claim, and, if granted, will be a final decision on any claim to which it was applicable. On the other hand, a denial of a motion for summary judgment is not a decision on the merits but is simply a finding that there is an issue which can be decided only after a trial. Of course, a motion for summary judgment which is denied may be renewed at a later time if justified by the facts of the case.

The response of any party opposing the motion shall be filed within the time periods established herein**.**  Any party opposing the motion has the right to file sworn affidavits, documentary evidence, other material opposing the motion, and a brief containing any legal arguments contrary to those presented by the party who filed the motion.  The evidence submitted by the party who filed the motion may be accepted as the truth if not so contradicted.

Affidavits either in support of or in opposition to a motion for summary judgment must meet the following conditions:

> (1) They must show that the person making the affidavit has personal knowledge of the matters about which he swears.
>
> (2) They must set forth <u>facts</u> which would be <u>admissible in evidence</u>.
>
> (3) They must affirmatively show that the person making the affidavit is competent to testify about the matters contained in his affidavit.
>
> (4) A certified or sworn copy of any papers or documents referred to in an affidavit must be attached to the affidavit.

With permission of the court, affidavits may be supplemented, or opposed, by depositions, answers to interrogatories, or additional affidavits. It is important to note that, except in certain circumstances, a person against whom a motion for summary judgment is filed may not rely on the allegations of his pleadings. In other words, a plaintiff against whom a motion for summary judgment is filed must oppose that motion by affidavits, depositions, answers to interrogatories, admissions, or as otherwise provided in the rules. If a party against whom a motion for summary judgment is filed fails to respond, the materials filed by the moving party may be taken as true, and final judgment may be rendered in favor of the party who filed the motion, without a full trial.

If a party against whom a motion for summary judgment is pending is unable to secure affidavits to oppose the motion, that party may file a motion fully explaining why such affidavits are unavailable and may request the court to consider his difficulty in disposing of the motion. If the court should find that any affidavit, either in support of or in opposition to, a motion for summary judgment was made in bad faith, the court shall order the party using a bad faith affidavit to pay to the other party his reasonable expenses, including attorney fees, incurred

because of the bad faith affidavit. In addition, the party using a bad faith affidavit may be adjudged guilty of contempt.

      **DONE AND ORDERED** this 17th day of August, 2020.

                                  s/KATHERINE P. NELSON  
                                UNITED STATES MAGISTRATE JUDGE

# FEDERAL RULE OF CIVIL PROCEDURE 56
### (as amended effective Dec. 1, 2010)

**(a) Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

**(b) Time to File a Motion.** Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

**(c) Procedures.**

>**(1) *Supporting Factual Positions.*** A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
>>**(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>>
>>**(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
>**(2) *Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
>**(3) *Materials Not Cited.*** The court need consider only the cited materials, but it may consider other materials in the record.
>
>**(4) *Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

**(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>**(1)** defer considering the motion or deny it;
>
>**(2)** allow time to obtain affidavits or declarations or to take discovery; or
>
>**(3)** issue any other appropriate order.

**(e) Failing to Properly Support or Address a Fact.** If a party fails to properly support

an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

> **(1)** give an opportunity to properly support or address the fact;
>
> **(2)** consider the fact undisputed for purposes of the motion;
>
> **(3)** grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
> **(4)** issue any other appropriate order.

**(f) Judgment Independent of the Motion.** After giving notice and a reasonable time to respond, the court may:

> **(1)** grant summary judgment for a nonmovant;
>
> **(2)** grant the motion on grounds not raised by a party; or
>
> **(3)** consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

**(g) Failing to Grant All the Requested Relief.** If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

**(h) Affidavit or Declaration Submitted in Bad Faith.** If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

**S.D. Ala. CivLR 56: MOTIONS FOR SUMMARY JUDGEMENT**

Motions for summary judgment must comply with Fed. R. Civ. P. 56 and Civil Local Rule 7. With the exception of Social Security reviews, other actions for review of administrative agency decisions, and other actions in which a Judge relieves the parties of this Rule's requirements, the following additional requirements must be met:

> **(a) Movant's Supporting Materials.** The movant must file a brief that includes: (1) all facts relied upon, each supported by a specific, pinpoint citation to the record; and (2) argument supported by legal authority as appropriate. The movant must also file all evidence relied upon. A movant seeking affirmative relief other than, or in addition to, monetary damages (such as declaratory or injunctive relief) must file a proposed judgment (not order or opinion) granting such relief in the form sought by the movant. No other supporting documents may be filed absent Court order.
>
> **(b) Non-Movant's Response.** Unless the Court orders otherwise, the nonmovant

must file any response in opposition to the motion within twenty-eight (28) days of service of the motion. The non-movant's brief must include: (1) all facts relied upon, each supported by a specific, pinpoint citation to the record; (2) all challenges to the movant's asserted facts; and (3) argument supported by legal authority as appropriate. The non-movant must also file all evidence relied upon. No other supporting documents may be filed absent Court order.

**(c) Movant's Reply.** Unless the Court orders otherwise, any reply must be filed within fourteen (14) days of service of the non-movant's response.

**(d) Effect of Uncontroverted Facts.** The Court will deem uncontroverted material facts to be admitted solely for the purpose of deciding the motion for summary judgment.

**(e) Stipulated Facts.** Parties are encouraged to stipulate to facts. Facts so stipulated do not require references to evidentiary support.

**(f) Modification of Provisions in Particular Cases.** The Court may provide by order or other notice to the parties that different or additional provisions regarding summary judgment motion practice apply.