## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| MARIAN S. A. TIPP, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:20-00317-TFM-N |
| | ) |
| JPMC SPECIALTY MORTGAGE, | ) |
| LLC, JP MORGAN CHASE BANK, | ) |
| N.A., and CHASE HOME FINANCE, | ) |
| LLC, | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATIONS

This action is before the undersigned on Defendants JPMC Specialty Mortgage LLC ("JPMC"), JPMorgan Chase Bank, N.A. ("Chase"), and Chase Home Finance, LLC's (collectively, "Defendants' ") Motion for Summary Judgment (Doc. 12) and Motion for Federal Rule of Civil Procedure 11 Sanctions (Doc. 15). *Pro se* Plaintiff Marian S.A. Tipp ("Tipp") filed a response to the motion for summary judgment (Doc. 22) to which Defendants filed a reply (Doc. 27). Following a stay on briefing for the Motion for Rule 11 Sanctions, Tipp timely filed a response (Doc. 33), to which Defendants filed a reply (Doc. 34). The undersigned held a hearing on the matter on February 23, 2021. The Court referred both motions to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). (*See* Doc. 58). Upon consideration, the undersigned **RECOMMENDS** that both the Defendants' Motion for Summary Judgment (Doc. 12) and Motion for Rule 11 Sanctions (Doc. 15) be **GRANTED**.

# I.   *Background*

Tipp filed the present suit in federal court on June 12, 2020. (Doc. 1). The complaint alleges that Defendants (1) denied Tipp due process through use of the judicial system; (2) violated the National Bank Act by committing fraud; (3) violated the civil provisions of the RICO Act (18 U.S.C. § 1962); (4) committed common law fraud; (5) committed trespass; and (6) improperly used the state courts to execute foreclosure proceedings as an unregistered foreign corporation. (Doc. 1, PageID.34–40). The factual and procedural background of this case are set out below.

## a. Factual Background

In 2009, JPMC executed a foreclosure sale on a property owned by Tipp's sister, Carolyn Sims. (Doc. 1, PageID.1). JPMC was the highest bidder at this sale, and a foreclosure deed was executed in its favor. (Doc.14-2).[1] JPMC then served Sims with a demand for possession notifying her of the sale and demanding that she relinquish the property within a set time. (Doc. 14-12). Upon her refusal, JPMC filed an ejectment action against Sims in the Circuit Court of Mobile County in 2009 (Doc. 14-1).

One month after the foreclosure sale, Sims executed a quitclaim deed purporting to convey the recently foreclosed property to Tipp. (Doc. 1, PageID.1). Several months later, Tipp (with the benefit of counsel) attempted to intervene in JPMC's ejectment action against Sims, asserting the following claims against the

---

[1] Tipp does not dispute that the Defendants' submitted records of previous state court proceedings are true and accurate (although she does vigorously dispute their impact on the case).

company: wrongful foreclosure, slander of title, trespass, and trespass to chattels. (Doc. 14-5). In response, JPMC filed a motion to dismiss (Doc. 14-6), which the court subsequently granted (Doc. 14-9). Tipp did not appeal this ruling. (Doc. 13, PageID.397). Before JPMC's ejectment action against Sims could be resolved on the merits, JPMC learned that the property was vacant and voluntarily dismissed the then-mooted ejectment action. (*See* Doc. 14-10; Doc. 14-11).

In 2011, Tipp (represented by the same counsel as the 2009 case) filed an action in the Circuit Court of Mobile County asserting the following claims against Defendants: wrongful foreclosure, slander of title, trespass, trespass to chattels, and fraud on the court. (Doc. 14-12). The suit also sought a declaratory judgment declaring Tipp as the lawful owner of the foreclosed property. (Doc. 14-12). Defendants responded with a motion for summary judgment (Doc. 14-13), which the court granted after full briefing by both sides (Doc. 14-14).

In 2018, Tipp filed a suit in the Circuit Court of Mobile County asserting the following claims against JPMC: slander of title, trespass, trespass to chattels, conversion of real property, and a claim for "unlawful conveyance of title and unlawful settlement of claims."[2] (Doc. 14-21, PageID.587–88). In response, JPMC filed a motion to dismiss (Doc. 14-22), which the court granted (Doc. 14-23). Tipp filed a motion to vacate this order (Doc. 14-24), which the court denied (Doc. 14-25), before

---

[2] In 2013, Sims challenged JPMC's foreclosure in the Circuit Court of Mobile County. The parties reached a settlement and the court dismissed the case with prejudice in 2018 (Doc. 14-19; Doc. 14-20). After this settlement, Tipp amended her complaint in the 2018 case against JPMC to include her claim challenging the validity of the agreement.

appealing this decision to the Supreme Court of Alabama. The Supreme Court of Alabama affirmed the lower court's judgment in JPMC's favor without opinion. (Doc. 14-2). Tipp then filed a petition for a writ of certiorari to the United States Supreme Court, which it denied. *Tipp v. JPMC Specialty Mortgage, LLC*, 140 S. Ct. 1124 (Mem) (2020); (Doc. 12-28).

During the pendency of these appeals, Tipp challenged earlier court decisions related to the foreclosure sale. While the Supreme Court of Alabama contemplated Tipp's appeal in the 2018 case, Tipp unsuccessfully moved to set aside the settlement agreement between Sims and JPMC in their 2013 case. (Doc. 14-30). As the United States Supreme Court considered Tipp's petition for a writ of certiorari in the 2018 case, Tipp again unsuccessfully moved to set aside the settlement in the 2013 case. (Doc. 14-32). After this failure, Tipp unsuccessfully challenged the court's judgment in the 2011 case. (Doc. 14-34). After the United States Supreme Court denied the petition for a writ of certiorari in the 2018 case, Tipp unsuccessfully attempted to vacate the adverse judgments in the 2011 and 2018 cases. (Doc. 14-35). After these denials, Tipp filed appeals in both the 2011 and 2018 cases, which were rejected by the Supreme Court of Alabama after issuing show cause orders in June 2020. (Doc. 14-38; Doc.14-37). Shortly after the Supreme Court of Alabama rejected her appeal of the 2011 case (Doc. 14-39), Tipp filed the present action in federal court.

### b. Procedural Background

After Tipp initiated the present suit on June 12, 2020, (Doc. 1) Defendants filed an answer denying the allegations and submitting a *res judicata* defense. (Doc. 7).

Tipp moved to strike the answer, repeating the substantive arguments from her complaint. (Doc. 11). Defendants filed a motion for summary judgment (Doc. 12) and a motion for Rule 11 sanctions (Doc. 15) citing Tipp's voluminous, unsuccessful litigation against them. Tipp responded (Doc. 22, Doc. 23) and moved to strike both motions (Doc. 24, Doc. 25).

The undersigned entered a Report and Recommendation that Defendants' motion for summary judgment should be construed as a jurisdictional challenge under Federal Rule of Civil Procedure 12(b)(1), and that it be granted based on the *Rooker-Feldman* doctrine. (Doc. 31). The Court then set a briefing schedule and hearing on Defendants' motion for Rule 11 sanctions. (Doc. 32). After neither side filed objections to the Report and Recommendation, the Court entered an order adopting its contents and dismissing the case for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (Doc. 35).[3] After each side submitted briefs (Doc. 33, Doc. 34), the undersigned held a hearing on Defendants' motion for Rule 11 sanctions on February 23, 2021, to give Tipp an additional opportunity to be heard on the matter. Following this hearing, the undersigned entered a Report and Recommendation that Defendants' motion for Rule 11 sanctions be granted, and that Tipp be enjoined from bringing suit against Defendants or their affiliates for the 2009 foreclosure without permission from this Court. (Doc. 39).

---

[3] The Court refrained from entering judgment against Tipp until resolution of the Rule 11 motion. (Doc. 35, PageID.1415).

While the Report and Recommendation on the Rule 11 motion was pending, the Eleventh Circuit clarified the *Rooker-Feldman* doctrine in its *Behr v. Campbell* decision. *See* 8 F.4th 1206 (11th Cir. 2021). In light of the *Behr* decision, the Court ordered each side to brief whether its Order dismissing the case on *Rooker-Feldman* should be reevaluated. (Doc. 48). The parties responded (Doc. 49, Doc. 51, Doc. 55). The Court then rescinded its Order adopting the Report and Recommendation and dismissing the case on *Rooker-Feldman* grounds, and referred the matter back to the undersigned. (Doc. 58). The undersigned withdrew the Report and Recommendation that Defendants motion for Rule 11 sanctions be granted, and took all pending matters under submission. (Doc. 59).

Following this reset, Tipp filed her own motion for summary judgment (Doc. 61) and a motion for leave to file the same in excess of the Court's page limits (Doc. 60). Defendants moved to strike the motion for summary judgment for failing to comply with the Court's procedural rules, and in the alternative, requested that its deadline to respond to Tipp's motion for summary judgment be stayed until its motion to strike is resolved. (Doc. 64). The Court granted Defendants' request to stay its response deadline. (Doc. 65). Tipp then filed a response in opposition to Defendants' motion to strike (Doc. 66) and a motion for leave to file a motion to strike Defendants' summary judgment motion (Doc. 67).

## II.    *Discussion*

This case has generated a bevy of motions. This section will address them in the following order: (a) Defendants' Motion for Summary Judgment; (b) Defendants'

Motion for Rule 11 Sanctions; and (c) Motions to Be Denied as Moot or Otherwise Insufficient.

### a. Defendants' Motion for Summary Judgment

Defendants raise three arguments in support of their motion for summary judgment: (1) the Court is deprived of jurisdiction over Tipp's claims under the *Rooker-Feldman* doctrine; (2) Tipp's claims are barred under *res judicata*; (3) and Tipp's claims are barred by the applicable statutes of limitations. The undersigned previously recommended dismissal of this case for lack of subject matter jurisdiction on *Rooker-Feldman* grounds (Doc. 31), but the Eleventh Circuit's recent clarification of the doctrine in *Behr v. Campbell*, 8 F.4th 1206 (11th Cir. 2021), establishes that jurisdiction is proper here. However, Defendants' *res judicata* argument fares better—they should be awarded summary judgment on this ground, obviating any need for discussion of the applicable statute of limitations.

1. <u>Legal Standard</u>

Under Federal Rule of Civil Procedure 56(a), a party's motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

> The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991) (quoting *Celotex Corp. v. Catrett*, [477 U.S. 317, 323] (1986)). If the nonmoving party fails to make "a sufficient showing on an essential element of her case with respect to which she has the burden of proof," the moving party is entitled to summary judgment. *Celotex*, [477 U.S. at 323]. "In

> reviewing whether the nonmoving party has met its burden, the court must stop short of weighing the evidence and making credibility determinations of the truth of the matter. Instead, the evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998-999 (11th Cir. 1992).

*Price v. Dunn*, 385 F. Supp. 3d 1215, 1224–25 (S.D. Ala. Apr. 11, 2019). "Cross-motions for summary judgment will not, in themselves, warrant the court in granting summary judgment unless one of the parties is entitled to judgment as a matter of law on facts that are not genuinely disputed . . . ." *United States v. Oakley*, 744 F.2d 1553, 1555 (11th Cir. 1984) (quoting *Bricklayers Int'l Union, Local 15 v. Stuart Plastering Co.*, 512 F.2d 1017 (5th Cir. 1975)).[4]

When a district court is "asked to give *res judicata* effect to a state court judgment, it must apply the '*res judicata* principles of the law of the state whose decision is set up as a bar to further litigation.' " *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985) (quoting *Hernandez v. City of Lafayette*, 699 F.2d 734, 736 (5th Cir. 1983)). Here, Defendants cite judgments from Alabama state court. (*E.g.*, Doc. 14-14). Under Alabama law, the "essential elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998). If a party establishes that *res judicata* applies, "then any claim that

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit issued prior to October 1, 1981.

was, or that could have been, adjudicated in the prior action is barred from further litigation." *Id.*

2. <u>Analysis</u>

*Res judicata* should bar all six of Tipp's federal claims because they are either identical to or stem from the same facts as her previous, unsuccessful state suits. Each of the *res judicata* prongs are discussed in turn.

A. *Prior Judgments on the Merits*

The first element of *res judicata* that Defendants must establish is that Alabama state courts issued "prior judgments on the merits" in Tipp's previous suits. *See id.* "A judgment is on the merits when it amounts to a decision as to the respective rights and liability of the parties . . . ." *Mars Hill Baptist Church of Anniston, Alabama, Inc. v. Mars Hill Missionary Baptist Church*, 761 So. 2d 975, 978 (Ala. 1999) (quoting 50 C.J.S. Judgment § 728 (1997)). Here, two of Tipp's earlier cases ended with clear judgments on the merits—the state court entered summary judgment against Tipp in the 2011 case (Doc. 14-14) and granted JPMC's motion to dismiss under Ala. R. Civ. P. 12(b)(6) in the 2018 case (Doc. 14-23). Tipp's 2009 case also ended with a judgment on the merits: while the state court's brief order only cited "Rule 12(b)" generally (Doc. 14-9), the order granted the motion to dismiss Tipp's Complaint in Intervention filed pursuant to Ala. R. Civ. P. 12(b)(6) (Doc. 14-6).[5]

---

[5] Dismissing a Complaint in Intervention qualifies as a judgment on the merits for *res judicata* purposes. *See Mars Hill Baptist Church of Anniston, Ala., Inc.*, 761 So. 2d at 978 ("The denial of a motion for permissive intervention or for intervention as of right is an adjudication disposing of a case or controversy.")

Tipp argues that because Defendants raised jurisdictional challenges to her earlier actions, the state court judgments against her are not "on the merits." (Doc. 22, PageID.1203). Tipp's argument fails for two reasons. First, the arguments raised by Defendants in past actions are not conclusive in determining whether an earlier judgment reached the merits of a claim—rather, the state court's decision controls. In other words, an order granting a movant's decisive motion on the merits is not rendered irrelevant for *res judicata* purposes because the movant also raised an alternative jurisdictional argument.

Second, the record refutes Tipp's claim that the state courts dismissed her earlier actions on jurisdictional grounds. In the 2009 case, the state court granted JPMC's motion to dismiss Tipp's intervenor complaint pursuant to Ala. R. Civ. P. 12(b)(6), which addresses claims that fail to state a claim upon which relief may be granted. (*See* Doc. 6; Doc. 9). In the 2011 case, the state court entered summary judgment against Tipp, which would not be possible if the court determined that it lacked jurisdiction. *See Winslow v. Walters*, 815 F.2d 1114, 1116 (7th Cir. 1987) ("Seeking summary judgment on a jurisdictional issue . . . is the equivalent of asking a court to hold that because it has no jurisdiction the plaintiff has lost on the merits. This is a nonsequitur."). In the 2018 case, the state court granted JPMC's motion to dismiss/motion for summary judgment without specifying which ground it utilized, but it dismissed the case with prejudice (Doc. 14-23)—which indicates a ruling on the merits. *See Alfa Life Ins. Corp. v. Jackson*, 906 So. 2d 143, 155 (Ala. 2005) ("Although a dismissal without prejudice does not constitute an adjudication on the merits, a

dismissal with prejudice does." (citations omitted)). Accordingly, Defendants establish that Tipp's previous state actions were resolved on the merits.

### B.  *Judgments Rendered by Court of Competent Jurisdiction*

The second element of *res judicata* that Defendants need to demonstrate is that "a court of competent jurisdiction" addressed Tipp's earlier state court suits. *See Equity Res. Mgmt., Inc.*, 723 So. 2d at 636. "A court of competent jurisdiction is a court with jurisdiction over the subject matter" of the earlier suit. *Lloyd Noland Found., Inc. v. HealthSouth Corp.*, 979 So. 2d 784, 795 (Ala. 2007). The Circuit Court of Mobile County, which has jurisdiction over civil matters with more than $6,000 in controversy, *see* Ala. Stat. § 12-11-30, as well as most equitable matters, *see* § 12-11-31, heard Tipp's cases. In Tipp's previous state cases, she sought money damages for various torts—namely, wrongful foreclosure, slander of title, trespass, and trespass to chattels. (*See* Doc. 14-5, Doc. 14-12, Doc. 14-21). In her 2011 and 2018 cases, Tipp also sued for a declaratory judgment naming her the rightful owner of the disputed property. (*See* Doc. 14-12, Doc. 14-21).

These matters fall within the Circuit Court of Mobile's subject matter jurisdiction. In her response, Tipp argues that "JPMC lacked standing to maintain the ejectment action [and] the trial court lacked subject-matter jurisdiction. . . ." (Doc. 22, PageID.1220 (internal quotations omitted)). The state court rejected a similar argument raised by Tipp in the 2009 case. (*See* Doc. 14-7, Doc. 14-9). Further, even accepting this argument as true, the subsequent state cases brought by Tipp in 2011 and 2018 lack any identifiable jurisdictional deficiency—while Tipp challenged

Defendants' standing to bring an ejectment action in these cases, she did not claim that the court lacked jurisdiction to hear her subsequent claims. Accordingly, Defendants demonstrate that courts of competent jurisdiction heard Tipp's earlier claims against them.

### C.  *Substantial Identity of Parties*

The third element of *res judicata* requires Defendants to prove "substantial identity of the parties . . . ." *See Equity Res. Mgmt., Inc.*, 723 So. 2d at 636. "[T]he party identity criterion of res judicata does not require complete identity, but only that the party against whom res judicata is asserted was either a party or in privity with a party to the prior action[.]" *Chapman Nursing Home, Inc. v. McDonald*, 985 So. 2d 914, 921 (Ala. 2007) (quoting *Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 725 (Ala. 1990). Tipp brought her previous cases in her own name. (Doc. 14-5, Doc. 14-12, and Doc. 14-21). Accordingly, Defendants satisfy the "substantial identity" prong of *res judicata*.

### D.  *Same Causes of Action*

The fourth *res judicata* element that Defendants must establish is that Tipp presents the "same cause of action" in this suit as at least one of her earlier actions. *See Equity Res. Mgmt., Inc.*, 723 So. 2d at 636. The requirements for satisfying this prong are set out below:

> In Alabama "[i]t is well-settled that 'the principal test for comparing causes of action [for the application of *res judicata* ] is whether the *primary right and duty or wrong* are the same in each action.' " *Wesch v. Folsom,* 6 F.3d 1465, 1471 (11th Cir.1993) (emphasis added), *cert. denied sub nom. Sinkfield v. Wesch,* 510 U.S. 1046, 114 S.Ct. 696, 126 L.Ed.2d 663 (1994). "Res judicata applies not only to the *exact legal*

12

*theories* advanced in the prior case, but to *all legal theories and claims arising out of the same nucleus of operative facts.*" *Id.* (emphasis added). "The question is whether the same evidence substantially supports both actions . . . . It is considered the same cause of action when the same evidence is applicable in both actions." *Hughes v. Martin,* 533 So.2d 188, 191 (Ala.1988). As it is sometimes stated, " '[w]here two successive suits seek recovery for the same injury, a judgment on the merits operates as a bar to the later suit, even though a different legal theory of recovery is advanced in the second suit.' " *Silcox v. United Trucking Serv., Inc.,* 687 F.2d 848, 852 (6th Cir.1982); *Harrington v. Vandalia–Butler Bd. of Educ.,* 649 F.2d 434, 437 (6th Cir.1981); *see also Kale v. Combined Ins. Co. of America,* 924 F.2d 1161, 1166 (1st Cir.), *cert. denied,* 502 U.S. 816, 112 S.Ct. 69, 116 L.Ed.2d 44 (1991)[.]

*Old Republic Ins. Co. v. Lanier*, 790 So. 2d 922, 928–29 (Ala. 2000).

Tipp's first claim that Defendants "denied [her] due process of the law" by obtaining multiple state court decisions adverse to Tipp's claims of ownership (Doc. 1, PageID.34) stems from the "same nucleus of operative facts" as at least her 2018 case. To the extent this claim is directed at the Defendants—and not the state court— Tipp simply repackages some of her previous claims as "due process" violations. In the present case, Tipp complains that Defendants deprived her of due process by wrongfully executing a foreclosure sale, settling a separate suit brought by Sims, and pursuing dismissal of her previous actions under *res judicata*. In her 2018 case, Tipp either raised (*see, e.g.*, Doc. 14-21, PageID.550) or could have raised these arguments. When the same nucleus of operative facts exists, relabeling legal theories or discerning new arguments will not prevent *res judicata* from barring subsequent suits. Accordingly, Tipp's first claim (Doc. 1, PageID.34) stems from the same cause of action as one of her previous suits.

Tipp's second and third claims allege that Defendants violated federal law by committing fraud during the foreclosure proceedings also stem from the same set of facts as her previous suits. In her second claim, Tipp alleges that Defendants violated the National Banking Act by asserting that its business entities were authorized to conduct business in Alabama in executing its ejectment action in state court. (Doc. 1, PageID.35). In her third claim, Tipp alleges that Defendants violated the federal RICO statute[6] by "falsely assert[ing] ownership of the mortgage at issue through the state courts" and "engaged in a pattern of [racketeering] . . . when Defendant's [sic] conspired to settle claims to Plaintiff's property in a 'secret agreement' with [Sims]." (Doc. 1, PageID.36–37). The second claim (and, in part, the third claim) rely on Tipp's allegations of Defendants' inability to properly bring the 2009 foreclosure action in state court, an argument refuted by the state courts in the 2009, 2011, and 2018 cases.[7] (*See* Doc. 14-5, PageID.441; Doc. 14-12, PageID.497; Doc. 14-21, PageID.559–60). The core of Tipp's RICO claim—alleged fraud and collusion in the settlement between Defendants and Sims—was addressed in the 2018 state court case. (*See* Doc. 14-21, PageID.587–89). Tipp also alleges that Defendants committed fraud in executing the 2009 foreclosure sale (Doc. 1, PageID.36–37), another matter addressed by state courts in earlier proceedings (*see* Doc. 14-12, PageID.500–01). Accordingly,

---

[6] Codified in 18 U.S.C. 1962(c).

[7] Further, JPMC was not prohibited from bringing an ejectment action. *See infra*, note 8.

Tipp's National Bank Act and RICO claims stem from the same set of operative facts as her previous suits.

Tipp's remaining claims are also the same causes of action as at least one of her previous suits. In her fourth claim, Tipp alleges that Defendants committed trespass in executing the 2009 foreclosure action by taking "unlawful possession of [her] property." (Doc. 1, PageID.38–39). This claim is identical to Tipp's claim raised in the 2009, 2011, and 2018 cases. (*See* Doc. 14-5, PageID.444–45; Doc. 14-12, PageID.498–99; Doc. 14-21, PageID.581–83). Tipp's fifth claim alleges that Defendants "made known false statements of fact contained in the foreclosure deed and ejectment action." (Doc. 1, PageID.38). This claim is identical to Tipp's claim raised in the 2011 case. (*See* Doc. 14-12, PageID.500–01). In Tipp's sixth claim, she alleges that JPMC is an "unqualified foreign corporation" prohibited from using Alabama courts to execute foreclosure actions, and the foreclosure and ejectment proceedings were invalid.[8] (Doc. 1, PageID.39–40). Again, this claim is identical to the claim Tipp raised in the 2009, 2011, and 2018 cases. (*See* Doc. 14-5, PageID.441;

---

[8] For this claim, Tipp cites a section of Alabama code that was repealed in 2014, *see* Ala. Code § 10A-2-15.02. Tipp claims that when Defendants brought the ejectment action in Alabama state court in 2009, the court did not have jurisdiction to entertain the suit because JPMC was an unregistered foreign corporation. (Doc. 1, PageID.39). In the version of statute effective in 2009, unregistered foreign corporations were barred from "maintaining a proceeding in [Alabama] . . . ." Ala. Code § 10A-2-15.02 (2009). However, as the subsidiary of a national bank performing real estate transactions, federal law exempted JPMC from Alabama's registration requirement for maintaining an action in state court. *See Watters v. Wachovia Bank, N.A.*, 550 U.S. 1, 7 (2007) (holding that a national bank's mortgage lending activities, "whether conducted by the bank itself or through the bank's operating subsidiary," is governed by federal law and regulations rather than "the licensing, reporting, and visitorial regimes of the several States in which the subsidiary operates.").

15

Doc. 14-12, PageID.497; Doc. 14-21, PageID.559–60). Accordingly, Tipp's fourth, fifth, and sixth claims are all the "same cause of action" as one of her previous suits for *res judicata* purposes.

Having established all four elements of *res judicata*, Defendants' motion for summary judgment (Doc. 12) should be granted because Tipp's claims "are barred from further litigation." *See Equity Res. Mgmt., Inc.*, 723 So. 2d at 636.

### b. Motion for Rule 11 Sanctions

Defendants also filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 11(c). (Doc. 15). Defendants served Tipp with notice of their intent to move for sanctions and offered her a twenty-one-day period to dismiss her suit without penalty. (Doc. 15, PageID.1077; Doc. 15-2, PageID.1093). Tipp did not respond to Defendants' notice (Doc. 15, PageID.1077), opting instead to file a 124-page motion to strike Defendants' answer (Doc. 11).

Tipp's decade-long history of "repeated vexatious filings" prompted Defendants' motion for Rule 11 sanctions. (Doc. 15, PageID.1072). For a sanction, Defendants seek an injunction barring Tipp "from filing any further actions against Defendants without prior leave of this Court." (Doc. 15, PageID.1071). Defendants point to Tipp's five lawsuits, activity in related lawsuits in which she was not a party, attempts to re-open the three state cases, and lengthy filings as evidence of a need to bar her from further filings without leave of court. Defendants also emphasize Tipp's stated intention to "fight this until the day [she] die[s] or Jesus comes." (Doc. 15-1, PageID.1090).

16

1. <u>Legal Standard</u>

Rule 11 contains several procedural safeguards to protect a litigant's due process rights. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c). Further, before filing a motion for Rule 11 sanctions, the moving party is required to serve the non-moving party with notice and afford them a twenty-one-day period to withdraw or correct the challenged filing without penalty. Fed. R . Civ. P. 11(c).

As for the challenged conduct, "Rule 11 requires district courts to impose 'appropriate sanctions' after notice and a reasonable opportunity to respond, where an attorney or party submits a pleading to the court that: (1) is not well-grounded in fact, i.e., has no reasonable factual basis; (2) is not legally tenable; or (3) is submitted in bad faith for an improper purpose." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002). A claim is not legally tenable when (1) the party's claims are objectively frivolous; and (2) the person who signed the pleadings should have been aware that they were frivolous. *See Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). The Eleventh Circuit offered further guidance on identifying sanctionable conduct:

> The objective standard for assessing conduct under Rule 11 is "reasonableness under the circumstances" and "what [it] was reasonable to believe at the time" the pleading was submitted. *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998). Sanctions are warranted when a party exhibits a "deliberate indifference to obvious facts," but not when the party's evidence to support a claim is "merely weak." *Id.*

*Riccard*, 307 F.3d at 1294 (11th Cir. 2002). Courts have wide discretion to impose Rule 11 sanctions, including imposing restrictions on a party's ability to file future suits. *Id.* at 1295 n.15.

2. <u>Analysis</u>

Defendants satisfied all procedural requirements in filing a motion for sanctions. Defendants filed the motion separately from any other motion. (*See* Doc. 15). The motion also describes the specific conduct that violates Rule 11—namely, the frivolousness of Tipp's present suit given the earlier adverse judgments against her. (Doc. 15, PageID.1072–78). Defendants also served Tipp with notice of their intent to move for Rule 11 sanctions and afforded Tipp twenty-one days to withdraw her suit. (*See* Doc. 15-1). Tipp did not take advantage of the safe-harbor period by withdrawing her suit. Given the serious nature of the sanction sought by Defendants—an injunction limiting Tipp's ability to file suits in the future—the Court gave Tipp an opportunity to respond to Defendants' motion (*see* Doc. 32) and held a hearing on the matter.

The undersigned finds that Tipp's conduct violates Rule 11(b)'s bar against frivolous filings. Tipp's most recent suit is objectively frivolous: her numerous state court failures in bringing claims identical or substantially similar to her federal claims made any chance of success highly unlikely under *res judicata*. Other courts have found that similar conduct qualifies as deliberate indifference meriting Rule 11 sanctions. *See, e.g.*, *Se. Bus. Network, Inc. v. Sec. Life of Denver Ins. Co.*, No. CV 415-159, 2015 WL 5842725, at *3 (S.D. Ga. Oct. 6, 2015) (finding as frivolous a suit for

breach of contract barred by *res judicata*); *Rubenstein v. Bauman*, No. 1:07cv798-MHT, 2008 WL 2074418, at *1–2 (M.D. Ala. May 15, 2008) (adopting magistrate's finding that *pro se* plaintiff should have known about the frivolousness of her claims under *res judicata*). Tipp should have known that her claims are frivolous: Defendants were awarded summary judgment on *res judicata* grounds in the 2011 case (*see* Doc. 14-13; Doc. 14-14), and Tipp's 2018 case was dismissed for the same reason (*see* Doc. 14-22; Doc. 14-23).[9] Further, Tipp's prior lawsuits against Defendants were all substantively similar—and unsuccessful. (Doc. 31, PageID.1371–75).

While Tipp, who is proceeding *pro se*, should not be held to the same standard as a licensed attorney, *see Thomas v. Evans*, 880 F.2d 1235, 1240 (11th Cir. 1989), her *pro se* status does not immunize her from sanctions, *see Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) ("[P]*ro se* filings do not serve as an "impenetrable shield, for one acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)). The legal and factual barriers to Tipp's success, explored thoroughly in the years of litigation between the parties, should have been apparent. Even a party proceeding

---

[9] The Supreme Court of Alabama recently affirmed the dismissal of Tipp's latest suit against JPMC. *See Tipp v. JPMC Specialty Mortg., LLC*, No. 1200600, 2021 WL 5751849, at *6 (Ala. Dec. 3, 2021). Confirming the Circuit Court of Mobile County's permanent injunction limiting Tipp's ability to file future suits against JPMC, the Supreme Court of Alabama also warned that any future frivolous appeals—it has addressed five from Tipp to date—would likely result in separate sanctions from the appellate court. *Id.*

*pro se* should know that repackaging—and in regard to Tipp's fourth, fifth, and sixth claims, repeating—grievances addressed in prior cases is not legally tenable, especially when past cases have been dismissed on those same grounds.[10]

Given Tipp's history of repeated litigation regarding the 2009 foreclosure, the undersigned finds that the only sanction fit to deter future improper conduct is an injunction barring Tipp from filing suit against Defendants without prior leave of Court. Beyond ten years of repeated filings, appeals, and revisitations of closed cases against Defendants, Tipp's commitment to continued litigation is further evidenced by sworn statements in her notice of appeal of the 2018 case. In the notice, Tipp promises to "fight this until the day I die or Jesus comes." (Doc. 15-1, PageID.1090).

Other courts faced with vexatious litigants summarized the legal foundation for issuing injunctions that limit an individual's ability to file future suits as follows:

> The All Writs Act, 28 U.S.C. § 1651(a), authorizes district courts to restrict access to federal courts of parties who repeatedly file frivolous litigation. *Abdul–Akbar v. Watson*, 901 F.2d 329, 332 (3rd Cir. 1990); *see In re Burnley*, 988 F.2d 1 (4th Cir. 1992) (recognizing district court's power to impose limits upon those who abuse the judicial system). Further, "[f]ederal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re Martin–Trigona*, 737 F.2d 1254, 1261 (2nd Cir. 1984). There are no exceptions for pro se litigants. *Mallon v. Padova*, 806 F. Supp. 1189 (E.D. Pa. 1992).

---

[10] In Tipp's response to Defendants' motion for sanctions (Doc. 33), and during oral argument at the February 23, 2021, hearing on the matter, Tipp repeats arguments on the merits of her claims without addressing the issue of sanctions. Tipp does briefly mention the issue of sanctions in her response, but she cites the wrong standard for sanctionable conduct: rather than addressing conduct sanctionable under Rule 11, Tipp implies that her conduct falls short of the contempt standard required for *sua sponte* sanctions. (Doc. 33, PageID.1396). The question of sanctions is before the Court on Defendants' motion, making the contempt standard irrelevant.

*Armstrong v. Koury Corp.*, 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998), *aff'd*, 168 F.3d 481 (4th Cir. 1999). In crafting the injunction,

> [a] district court has "considerable discretion" to draft orders enjoining abusive litigation tactics. *Procup v. Strickland*, 792 F.3d 1069, 1074 (11th Cir. 1986) (en banc). The main restriction that a court must abide by when issuing an injunction against an abusive and vexatious litigator is that a "litigant cannot be completely foreclosed from any access to the court." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993).

*Woodhull v. Mascarella*, No. 1:15-CV-280-MW-GRJ, 2016 WL 3660527, at *5 (N.D. Fla. May 26, 2016), *report and recommendation adopted*, No. 1:15-CV-280-MW/GRJ, 2016 WL 3661390 (N.D. Fla. July 5, 2016), *aff'd*, 699 F. App'x 872 (11th Cir. 2017). "The court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court from filing in both judicial and non-judicial forums . . . ." *Riccard*, 307 F.3d at 1295.

Under this framework, the undersigned finds that in order to curb future frivolous suits against Defendants, Tipp should be enjoined from filing suits related to the 2009 foreclosure of the property at 11101 Ben Hamilton Road, Grand Bay, Alabama, and the litigation it generated, without prior leave of this Court. This limitation should extend beyond Defendants to any of their affiliates and apply to suits filed in either state or federal court. In order to acquire leave of Court, Tipp would need to file a petition demonstrating that (1) the suit to be filed is not barred by *res judicata*; and (2) the court has subject-matter jurisdiction. These restrictions

would not apply to any further filings in this suit or an appeal from this case.[11]  Given Tipp's vow to continue pursuing her claims against Defendants until she is physically unable, the undersigned finds that other sanctions, like an award of attorney's fees or other monetary sanctions, would not suffice to deter Tipp's frivolous litigation. Only this injunction will deter Tipp from filing further frivolous suits against Defendants and their affiliates while bringing finality to the decade of litigation generated by the 2009 foreclosure.

### c. Motions to be Denied as Moot or Otherwise Insufficient

The motions set out below are due to be denied as moot or legally insufficient:

- Tipp's motions to strike Defendants' answer (Doc. 11), Defendants' evidentiary support for their summary judgment motion (Doc. 24), and (3) Defendants' motion for summary judgment (Doc. 25) should be denied because they merely repeat Tipp's substantive arguments rather than providing a reason to strike the filings.

- Tipp's motion for summary judgment (Doc. 61) should be denied because Defendants are entitled to summary judgment on *res judicata* grounds. Cross motions for summary judgment do not change the legal standard for

---

[11] Courts have crafted similar—and often harsher—injunctions to curb frivolous litigation. *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) (enjoining a litigant from filing any pleadings or future lawsuits without leave of court); *Gordon v. United States Dep't of Justice*, 558 F.2d 618, 618 (1st Cir. 1977) (enjoining a litigant from continuing, instituting, or prosecuting any legal proceeding without leave of court); *Hilgeford v. Peoples Bank, Inc.*, 652 F. Supp. 230, 234–235 (N.D. Ind. 1986) (enjoining a litigant from submitting any filings or proceedings in any federal court without leave of court).

awarding summary judgment, and Defendants' entitlement to summary judgment in its favor on all claims necessarily refutes any competing motion from Tipp.

- Tipp's motion for leave to file a motion for summary judgment with pages in excess of the Court's limitations (Doc. 60) should be denied as moot.

- Tipp's motion for leave to file a motion to strike Defendants' summary judgment motion (Doc. 67) should be denied as meritless. As grounds for filing the motion, Tipp claims that "this Court *sua sponte* rendered the 2009 case 'moot' and effectively 'mooted' Defendant's [sic] motion for affirmative relief on JPMC's 'dismissed claims.' " (Doc. 67, PageID.2013). This misstates the effect of the Court's earlier Order dismissing the case on *Rooker-Feldman* grounds. (*See* Doc. 35). Regardless, that Order has since been rescinded, removing any purported impact on the 2009 case and Defendants' motion for summary judgment.

- Defendants' motion to strike Tipp's motion for summary judgment (Doc. 64) should be denied as moot.

### III.   *Conclusion*

Defendants should be awarded summary judgment because Tipp's claims are barred by *res judicata*. Further, Tipp should be enjoined from filing further suits against Defendants relating to this property dispute as a sanction under Rule 11. Accordingly, pursuant to 28 U.S.C. § 636(b)(1)(B)–(C), Federal Rule of Civil Procedure 72(b)(1), and S.D. Ala. GenLR 72(a)(2)(S), the undersigned **RECOMMENDS** that:

- Defendants' motion for summary judgment (Doc. 12) be **GRANTED**;

- Defendants' motion for Rule 11 sanctions (Doc. 15) be **GRANTED**;

- Tipp be **ENJOINED** from filing future suits against Defendants as set out above; and

- The remaining motions (Doc. 11; Doc. 24; Doc. 25; Doc. 60; Doc. 61; Doc. 64; Doc. 67) be **DENIED** as set out above.

**DONE** this 3rd day of January 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

24

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.