**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10245
Non-Argument Calendar
_____

MARIAN S. A. TIPP,

*Plaintiff-Appellant,*

*versus*

JPMC SPECIALTY MORTGAGE, LLC,
JP MORGAN CHASE BANK NA,
CHASE HOME FINANCE, LLC,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cv-00317-TFM-N
_____

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

2                        Opinion of the Court                    25-10245

Marian Tipp appeals the denial of her motion for reconsideration of an order denying her motion for leave to file a new complaint. After review, we affirm.

**I**

Because it provides relevant background, we set out Ms. Tipp's litigation history at some length. The events leading to this appeal started in 2009 when JP Morgan[1] foreclosed on a property located at 11101 Ben Hamilton Road in Grand Bay, Alabama, which was then owned by Caroline Sims, the sister of Ms. Tipp. At the foreclosure auction, JP Morgan bid the highest amount and obtained title to the property. When Ms. Sims refused to relinquish the property, JP Morgan initiated an ejection action against Ms. Sims in the circuit court of Mobile County, Alabama. About a month later, Ms. Sims signed a quitclaim deed transferring any rights she may have in the property to Ms. Tipp. The quitclaim deed explained that the property was subject to the foreclosure deed, which had already been recorded.

Ms. Tipp then filed an intervenor complaint in the ejection action against Ms. Sims, alleging wrongful foreclosure, slander of title, trespass, and trespass to chattels. JP Morgan moved to strike or, in the alternative, to dismiss Ms. Tipp's complaint in intervention, asserting that she had no valid legal interest in the property. The circuit court granted JP Morgan's motion to dismiss, and Ms.

---

[1] For simplicity, we refer to JPMC Specialty Mortgage, LLC; JP Morgan Chase Bank, N.A.; and Chase Home Finance, LLC, collectively as JP Morgan.

Tipp did not appeal.  Shortly thereafter, JP Morgan dismissed the ejection action after receiving notice that Ms. Sims had vacated the property.

About a year later, Ms. Tipp filed a new lawsuit in the same state circuit court, asserting wrongful foreclosure, slander of title, trespass, trespass to chattels, and fraud on the court, and seeking a declaratory judgment that she was the lawful owner of the property.  JP Morgan moved for summary judgment, asserting that her claims were barred by *res judicata* and that she had no valid legal interest in the property.  The circuit court agreed and granted JP Morgan summary judgment.  Ms. Tipp filed a motion for reconsideration, which was denied.  Ms. Tipp appealed, and the Supreme Court of Alabama affirmed.  *See Tipp v. JPMorgan Chase Bank, N.A.,* 156 So. 3d 997 (Ala. 2012).

In 2013, Ms. Sims sued JP Morgan for trespass, trespass against chattels, and conversion arising from JP Morgan's repossession of the Grand Bay property.  After five years of litigation, JP Morgan and Ms. Sims eventually settled and jointly stipulated to dismissal with prejudice of Ms. Sims' claims.

Days after Ms. Sims and JP Morgan settled, Ms. Tipp filed yet another lawsuit in the circuit court of Mobile County, Alabama. In this 2018 action, Ms. Tipp, proceeding *pro se,* again asserted that she was the rightful owner of the property and brought claims for trespass, trespass to chattels, slander of title, conversion, unlawful conveyance of title, unlawful settlement of claims, and declaratory judgment.  Once again, JP Morgan moved to dismiss Ms. Tipp's

complaint.  JP Morgan first asserted that Ms. Tipp's new lawsuit sought to relitigate the same claims—or claims "arising out of the same nucleus of operative facts," *see* D.E. 14-22 at 5 (citing *Old Republic Ins. Co. v. Lanier*, 790 So. 2d 922, 928 (Ala. 2000))—dismissed in the 2009 and 2011 cases and were therefore barred by *res judicata*. JP Morgan also argued that her claims were barred by the applicable statutes of limitations.  The circuit court granted JP Morgan's motion and dismissed Ms. Tipp's action with prejudice.  Ms. Tipp moved to vacate the dismissal order, but the circuit court denied that motion.  On appeal, the Supreme Court of Alabama affirmed. *See Tipp v. JPMC Specialty Mortg., LLC*, 312 So. 3d 2 (Ala. 2019).  Ms. Tipp filed a petition for writ of certiorari, which was denied.  *See Tipp v. JPMC Specialty Mortg., LLC*, 589 U.S. 1208 (2020).

While her petition to the United States Supreme Court was pending, Ms. Tipp moved the circuit court to vacate the judgment against her in the 2011 case.  The court promptly denied the motion.  Ms. Tipp then filed a similar motion to vacate the judgment in the 2018 case, which the circuit court again denied.  Ms. Tipp appealed that order to the Supreme Court of Alabama, which dismissed her appeal.

In 2020, Ms. Tipp filed two new lawsuits against JP Morgan, seeking to recover possession of the property, one in the same Alabama circuit court and the other in federal district court.

The state circuit court entered summary judgment against her and enjoined her from initiating any further proceedings related to the foreclosure of the Grand Bay property without first

25-10245                    Opinion of the Court                         5

obtaining leave from the court.  On appeal, the Supreme Court of Alabama affirmed the judgment and the filing injunction, and cautioned Ms. Tipp that her conduct could lead to further sanctions. *See Tipp v. JPMC Specialty Mortg., LLC*, 367 So. 3d 357, 364 (Ala. 2021) ("[N]one of [Ms. Tipp's] appeals has presented a winning argument.  Should she continue to pursue frivolous litigation against JPMC, either directly or indirectly, and those matters end up back before this Court, we will strongly consider an order requiring her to pay JPMC's attorney fees and costs.").

Ms. Tipp's federal lawsuit was also unsuccessful.  A magistrate judge recommended that summary judgment be entered against her and that—given her litigation history—she be enjoined from filing further lawsuits related to the Grand Bay property unless she first demonstrated that (1) the suit to be filed was not barred by *res judicata* and (2) the court had subject-matter jurisdiction.  The district court adopted the recommendation in full, *see Tipp v. JPMC Specialty Mortg., LLC*, No. CV-20-00317, 2022 WL 423401, (S.D. Ala. Jan. 3, 2022), *report and recommendation adopted,* 2022 WL 956174 (S.D. Ala. Mar. 28, 2022), and we affirmed.  *See Tipp v. JPMC Specialty Mortg., LLC*, No. 22-11962, 2023 WL 8369968 at *3 (11th Cir. 2023).  Ms. Tipp unsuccessfully sought rehearing en banc.

Disregarding the district court's pre-filing injunction—which we had affirmed—Ms. Tipp initiated a second federal lawsuit, which the district court promptly dismissed.  Ms. Tipp then filed for reconsideration, and the court denied that motion.  *See*

6                          Opinion of the Court                    25-10245

*Tipp v. JPMC Specialty Mortg., LLC*, No. CV-24-00251, 2024 WL
3706852 (S.D. Ala. July 30, 2024) (holding her claims were barred
by *res judicata* because "all [Ms. Tipp's] claims arise out of the 2009
foreclosure of 11101 Ben Hamilton Road" and "[p]rior judgments
on the merits have been entered by courts of competent jurisdic-
tion" on claims arising from the same foreclosure and involving the
same parties), *reconsideration denied*, 2024 WL 4277488 (S.D. Ala.
Sept. 24, 2024).

Ms. Tipp then filed a new motion in the *first* federal lawsuit,
seeking clarification of the dismissal order in the second federal
lawsuit. She also moved for leave to file a new action or to set aside
the prior judgment in favor of JPMC, once again asserting claims
against JP Morgan based on the then 15-year-old foreclosure and
litigation that followed. The district court denied Ms. Tipp's mo-
tion. The court explained that Ms. Tipp was required (but failed)
to satisfy the pre-filing injunction criteria and denied her request
for leave to file the new action, explaining that "[Ms.] Tipp fails in
her burden to show how this attempted new action is not barred
by *res judicata*." D.E. 95 at 3. The court also denied Ms. Tipp's
request that it set aside its prior judgment under Rule 60(b) of the
Federal Rules of Civil Procedure.

25-10245               Opinion of the Court                 7

Ms. Tipp filed for reconsideration, which the district court denied.  Ms. Tipp now appeals the order denying her motion for reconsideration.[2]

## II

We review the denial of a motion for reconsideration for abuse of discretion.  *See Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

## III

"A motion for reconsideration cannot be used 'to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment.'" *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (quoting *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005)).  Rather, "'[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact.'" *PBT Real Estate, LLC v. Town of Palm Beach*, 988 F.3d 1274, 1287 (11th Cir. 2021) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).  We agree with the district court that, instead of presenting newly discovered evidence or manifest errors of law or fact, Ms. Tipp's motion for reconsideration raised only "the same arguments that she has previously asserted."  *See* D.E. 99 at 1. Rather than pointing out any abuse of

---

[2] Ms. Tipp's notice of appeal states that she is appealing "the denial of [her] motion for reconsideration entered on December 26, 2024[.]"  D.E. 100 at 1. We therefore limit our review to that order.

8                          Opinion of the Court                    25-10245

discretion in the district court's denial of her motion for reconsid-
eration, her appellate briefs essentially do the same.[3]

   Ms. Tipp raises five arguments on appeal.  First, she asserts
that the district court had no jurisdiction to issue the injunction
against her because the 2009 ejection case was voluntarily dis-
missed by JP Morgan.  Second, she argues that the district court
could not issue the injunction barring her from recovering the
property pursuant to her quitclaim deed because JP Morgan's 2009
foreclosure deed was not executed and recorded.  Third, she con-
tends that her RICO claims accrued after disposal of the 2009 action
and therefore should not have been barred under *res judicata*.
Fourth, Ms. Tipp maintains that any agreements entered into by JP
Morgan related to the 2009 foreclosure are void under Alabama
law.  Fifth, she claims that she was deprived of a vested interest
when Ms. Sims' attorney settled with JP Morgan with respect to
the property without Ms. Tipp's agreement.  JP Morgan responds
that the district court did not abuse its discretion in denying the
motion for reconsideration because Ms. Tipp made no effort to
identify new evidence or manifest errors of fact or law in its order

---

[3] Ms. Tipp did not explicitly raise the denial of her motion to set aside the prior
judgment under Rule 60(b) in her motion for reconsideration, nor does she
raise it on appeal.  Even assuming it was adequately presented in her motion
for reconsideration, that issue is abandoned.  *See Holland v. Gee*, 677 F.3d 1047,
1066 (11th Cir. 2012) ("[T]he law is by now well settled in this Circuit that a
legal claim or argument that has not been briefed before the court is deemed
abandoned and its merits will not be addressed.") (quoting *Access Now, Inc. v.
Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004)).

denying her leave to file a new complaint, and points out that her appellate arguments similarly fail to identify any new evidence or manifest errors of law or fact in the district court's prior order.

As a threshold matter, Ms. Tipp belatedly challenges the pre-filing injunction entered by the district court. As JP Morgan points out, her arguments seem to be predicated on the misapprehension that the federal court injunction was issued in the voluntarily dismissed state ejection proceeding. It was not, and we cannot discern any basis for interfering with the district court's injunction on the basis of these arguments. In any event, we affirmed the pre-filing injunction in Ms. Tipp's prior appeal because Ms. Tipp abandoned her challenge to the injunction on appeal. *See Tipp*, 2023 WL 8369968 at *2 ("As to the pre-filing injunction, Ms. Tipp abandoned her challenge altogether."). *See also id.* at *3 ("We affirm . . . the imposition of a pre-filing injunction against Ms. Tipp."). Her challenge to the injunction is therefore barred by the law of the case. *See Schiavo v. Schiavo*, 403 F.3d 1289, 1291–92 (11th Cir. 2005) ("The doctrine [of law of the case] operates to preclude courts from revisiting issues that were decided explicitly . . . in a prior appeal."). Ms. Tipp has not argued that any exceptions to the law of the case doctrine apply, so we have no reason to disturb the prior judgment affirming the injunction.

The remaining issues Ms. Tipp raises on appeal—regarding her RICO claim, JP Morgan's ownership and possession of the property, and JP Morgan's 2018 settlement with Ms. Sims—simply repackage arguments she has raised before, based on claims which

we previously held barred by *res judicata*. *See generally Tipp*, 2023 WL 8369968, at *1–3 (noting the claims adjudicated in the state court judgments and affirming dismissal of Ms. Tipp's RICO, common-law fraud, trespass, and improperly executed foreclosure proceedings claims as barred by *res judicata*). As we noted in her prior appeal, "even if we set aside the 2009 ejectment action, [Ms. Tipp] still has two other adverse judgments on the merits . . . affirmed by the Alabama Supreme Court," in which her claims arising from the 2009 foreclosure were adjudicated. *Id*. at *3. The district court's order denying her motion for leave to file a new action again set out why these claims were still barred by *res judicata*.[4]

Ms. Tipp's motion for reconsideration raised anew the same arguments—that she was the rightful owner of the property, that JP Morgan never obtained title in the 2009 foreclosure and subsequent state litigation, and that Ms. Sims' attorney lacked authority to settle with JP Morgan. And she restates those arguments in her brief on appeal. The closest Ms. Tipp comes to asserting an error in the district court's denial of her motion for reconsideration is her contention that her claims post-dated "the 2009 action" and "[a]ny claims that accrued on remand in 2016, [sic] were not before the

---

[4] In the 2018 state court proceeding, Ms. Tipp brought claims predicated on the same allegations of wrongdoing by JP Morgan with respect to foreclosure of the property, the ejection proceedings, and settlement with Ms. Sims and seeking declaratory judgment with respect to the ownership of the property. *See* D.E. 14-21 at ¶¶ 150–51; 164–168; 170–71. These claims were dismissed with prejudice, *see* D.E. 14-23, and the Supreme Court of Alabama affirmed that decision. *See Tipp*, 312 So. 3d 2.

court in 2009 or 2013." Appellant's Br. at 22–23. Even assuming that to be true, this argument does not demonstrate any abuse of discretion in the district court's denial of her motion for reconsideration because she brought claims predicated on the same facts in the 2018 action, and those claims were adjudicated on the merits in state court, *see* D.E. 14-23, and *Tipp*, 312 So. 3d 2 (affirming dismissal of Ms. Tipp's claims), as the district court held and we affirmed in her prior appeal. *See Tipp v. JPMC Specialty Mortg., LLC*, No. CV-20-00317, 2022 WL 423401 (S.D. Ala. Jan. 3, 2022), *report and recommendation adopted,* 2022 WL 956174 (S.D. Ala. Mar. 28, 2022), *aff'd,* 2023 WL 8369968 (11th Cir. 2023).

In other words, the motion for reconsideration sought only "to relitigate old matters," *Richardson*, 598 F.3d at 740 (internal quotation marks and citation omitted), and Ms. Tipp's arguments on appeal fail to demonstrate otherwise. The district court did not abuse its discretion in denying Ms. Tipp's motion for reconsideration.

## IV

JP Morgan has filed a motion for sanctions pursuant to Federal Rule of Appellate Procedure 38. They assert that Ms. Tipp's appeal is frivolous and ask us to enjoin her from filing subsequent appeals in actions related to the 2009 foreclosure of the property and to order the clerks of this Court not to docket any such appeals absent authorization by a judge of this Court. We deny the motion for sanctions.

12                    Opinion of the Court                    25-10245

Rule 38 provides that "[i]f a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. Rule 38 authorizes this Court to sanction litigants who raise "clearly frivolous claims in the face of established law and clear facts." *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (internal quotation marks and citation omitted). We do not generally sanction *pro se* parties, *see Woods v. IRS*, 3 F.3d 403, 404 (11th Cir. 1993), but that is not an iron-clad rule. *Compare United States v. Morse*, 532 F.3d 1130, 1133 (11th Cir. 2008) (imposing sanctions under Rule 38 on a *pro se* litigant who "had been warned about raising" frivolous arguments).

This is Ms. Tipp's first appeal from an order entered pursuant to the district court's pre-filing injunction. Though we agree with JP Morgan that Ms. Tipp is (and has been) on notice that her claims arising from the 2009 foreclosure sale will be barred by *res judicata* absent a showing that the predicates of that doctrine are not met, we have rarely imposed a filing injunction under Rule 38. We did so in a prior unpublished opinion in *In re Smith*, No. 13-13808-DD, 2013 WL 12569176, at *1 (11th Cir. Dec. 19, 2013), after the appellants "ha[d] previously been warned that their arguments [we]re frivolous." *Id.* And, in one of the cases to which JP Morgan refers, the Fifth Circuit did so after several monetary sanctions imposed by both the district court and the circuit court failed to deter the litigant from filing yet more frivolous appeals. *See Vinson v. Heckmann*, 940 F.2d 114, 116 (5th Cir. 1991).

Given that Ms. Tipp raises arguments that have been rejected time and again on the same basis by state and federal courts, we agree with JP Morgan that Ms. Tipp's appeal lacks merit. *See Parker*, 835 F.3d at 1371. But given that this is Ms. Tipp's first appeal following the imposition of the pre-filing injunction and our first time indicating that such an appeal is frivolous, we exercise our discretion and decline to impose the requested sanction at this juncture. Now that Ms. Tipp has been warned that her arguments are frivolous, sanctions may be appropriate in the future if she persists in raising them.[5]

## V

For the foregoing reasons, we affirm the district court's denial of Ms. Tipp's motion for reconsideration and deny JP Morgan's motion for sanctions.

---

[5] In passing, JP Morgan also invokes our inherent authority to sanction litigants appearing before us. Under this authority, we may, in our discretion, exercise the inherent power "to sanction a party who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017) (quoting *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 382 (2013)). As our decision in *Purchasing Power* explains, meeting this standard generally requires demonstrating subjective bad faith. *See id.* at 1223–25. JP Morgan argues that Ms. Tipp's appeal was frivolous but has not claimed that Ms. Tipp's appeal was taken in subjective bad faith. We therefore decline to exercise our inherent authority to impose an injunctive sanction on Ms. Tipp.

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 15, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number:  25-10245-EE
Case Style:  Marian Tipp v. JPMC Specialty Mortgage, LLC, et al
District Court Docket No:  1:20-cv-00317-TFM-N

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing.

Costs
Costs are taxed against Appellant(s) / Petitioner(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion